UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                                             :

**JAY LEWIS FARROW**,

                       Plaintiff,                                :    **MEMORANDUM AND ORDER**

              – against –                                  :    25-CV-6033 (AMD) (PK)

**JOHN DOES, 1-20**,

                    Defendants.
------------------------------------------------------------------ X

**ANN M. DONNELLY**, United States District Judge:

       On October 28, 2025, the plaintiff, a Florida resident and suspended attorney,[1] filed this action against 20 John Does alleging violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, the Electronic Communications Privacy Act, 18 U.S.C. § 2701, the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962, Florida's Racketeer Influenced and Corrupt Organization Act, Fla. Stat. § 895.02 *et seq*., and the All-Writs Act, 28 U.S.C. § 1651. (ECF No. 1.) Along with the complaint, the plaintiff filed an *ex parte* motion for a temporary restraining order and preliminary injunction, as well as a motion to seal the case. (ECF Nos. 2, 3.) On November 4, 2025, the Court denied the plaintiff's motion. (ECF No. 6.) The Court also questioned whether venue is proper in this District. (*Id.* at 3 n.2.) The plaintiff based his claim for venue primarily on expert findings in *Microsoft Corp. v. Does 1-2*, No. 23-CV-2447, 2023 WL 11984986 (E.D.N.Y. Apr. 19, 2023), but "merely citing an expert's conclusions in an entirely different case is not sufficient to show that the defendants in this case operate in this

---

[1] *See* https://www.floridabar.org/directories/find-mbr/profile/?num=625213 (last visited Dec. 3, 2025). The plaintiff is also a member of the New York bar. (ECF No. 1 ¶ 4.)

District, let alone the state of New York." (ECF No. 6 at 3 n.2.) The Court also said that "the fact that the plaintiff is admitted to practice in New York state" is not enough to establish venue, and "[e]ven if it were, the plaintiff does not allege any connection to this District; he says only that he has 'represented Clients residing in Putnam County,' which is not in this District." (*Id.* (citing ECF No. 2-1 ¶ 195).) Thus, the Court concluded that "venue is almost certainly not proper in this District" because "[t]he plaintiff is a Florida resident, and almost all of his allegations relate to his Florida bar disciplinary proceeding and his law practice in Florida." (*Id.*) Nevertheless, the Court ordered the plaintiff to show cause as to why venue is proper in this District, and why the case should not be dismissed or transferred to a federal district court in Florida. (*Id.* at 12.)

The plaintiff responded on November 25, 2025, making many of the arguments he made in his earlier filings. (ECF No. 8.) He asserts that the defendants "directed cyberattacks into this District" and "utilized infrastructure located in Brooklyn and Queens," which "caused injuries to [his] New York-based legal practice." (*Id.* at 4.) To support his claim that "the *center of gravity*" of the defendants' "wrongdoing" is in this district, he cites his complaint and the expert findings in *Microsoft Corp.* (*See, e.g.*, *id.* at 4–5, 10, 12–13.) He argues that the "overlap between Microsoft's case and [his] case is both precedential and factual, strongly favoring venue (and indeed resolution) in the same Court." (*Id.* at 14.)[2] He also says he was harmed in this

---

[2] The plaintiff also requests that the Court transfer this case to Judge Ramon E. Reyes, who issued the default judgment and permanent injunction in *Microsoft Corp.* on September 8, 2025. (ECF No. 8 at 24.) That case is closed, and in any event, as explained above, has no connection to this case. *See Mastr Asset Backed Sec. Tr. 2007-WMC1, ex rel. U.S. Bank Nat. Ass'n v. WMC Mortg. LLC*, 880 F. Supp. 2d 418, 424 (S.D.N.Y. 2012) (transferring related cases is appropriate when "two cases involving the same issues are simultaneously pending") (citation omitted)).

2

district because he "is a member of the New York bar and handled legal matters in EDNY for clients that Defendants targeted." (*Id.* at 5.)

As the Court held in its Order, merely citing an expert's conclusions in an entirely different case is not sufficient to show that the defendants in this case operate in this District, let alone the state of New York.  The fact that the defendants in *Microsoft Corp.* launched ransomware attacks does not make that case related to this one.  Indeed, this case does not arise out of the same events as *Microsoft Corp.,* and there are distinct questions of fact and law in each case.  The *Microsoft Corp.* plaintiffs alleged that the defendants violated copyright and trademark laws, as well as other federal statutes, when they maliciously used a proprietary software in which the plaintiffs owned related trademarks or copyrights.  2023 WL 11984986, at *2.  The plaintiff has no connection to these parties or the proprietary software, and his assertion that the defendants in *Microsoft Corp.* are the same defendants in this case is entirely conclusory.  Thus, the plaintiff's argument that venue is appropriate in this District because of the *Microsoft Corp.* case is without merit.[3]

---

[3] The plaintiff's case citations are problematic, to say the least.  First, he cites a case that does not exist: *Doe v. Nat'l Bd. of Med. Examiners*, No. 22-CV-1716, 2022 WL 18276405, at *3 (E.D.N.Y. Dec. 16, 2022).  He cites and even purports to quote from cases — which he says address venue questions — that in fact have nothing to do with venue.  For example, he claims that the court in *In re Aggrenox Antitrust Litig.*, 94 F. Supp. 3d 224, 252 (D. Conn. 2015) held that "[w]here a defendant is not a resident of the United States, venue is proper in any judicial district under § 1391(c)(3)." (ECF No. 8 at 3.)  No such language appears in that case, which does not even analyze venue.  Nor did the court in *Martinez v. Bloomberg LP*, 740 F.3d 211, 223 (2d Cir. 2014) say, as the plaintiff claims, that the court on a venue challenge "assumes the truth of the plaintiff's factual allegations." (ECF No. 8 at 6.)  The plaintiff cites *Nat'l Acad. of Television Arts & Scis., Inc. v. Multimedia Sys. Design, Inc.*, 551 F. Supp. 3d 408, 423 (S.D.N.Y. 2021) for his claim that venue is proper in any district where the court has personal jurisdiction if the defendants are unidentified, (ECF No. 8 at 3–4), but the court in that case did not analyze venue, and no such language appears in the opinion.  The use of fake citations, which likely violates Federal Rule of Civil Procedure 11, is "more than just sloppy lawyering: it imperils the integrity of our judicial process." *Cojom v. Roblen, LLC*, No. 23-CV-1669, 2025 WL 3205930, at *3 (D. Conn. Nov. 17, 2025); *see also, Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 448–49 (S.D.N.Y. 2023).

Nor does the plaintiff sufficiently explain how he was harmed in this District. Most of his allegations center on his Florida bar disciplinary proceeding and his law practice in Florida. To that end, the plaintiff filed a 48-page affidavit detailing the effect of the defendants' conduct on his legal practice in Florida, (*see* ECF No. 2-1), but nothing about how it affected him in this District. His claim that he has "represented Clients residing in Putnam County," (*id.* ¶ 195), which is not in this District, does not establish venue. Nor is the fact that he "is a member of the New York bar," (ECF No. 8 at 5), enough. He adds in the response to the order to show cause that has "handled legal matters in EDNY for clients that Defendants targeted." (*Id.* at 5.)[4] But this singular allegation is not enough. Under 28 U.S. Code § 1391(b)(2), venue is proper in a district "in which a substantial part of the events or omissions giving rise to the claim occurred." "[T]he Second Circuit has cautioned district courts 'to take seriously the adjective substantial' and thus 'for venue to be proper, significant events or omissions *material* to the plaintiff's claim must have occurred in the district in question.'" *Fedele v. Harris*, 18 F. Supp. 3d 309, 317 (E.D.N.Y. 2014) (quoting *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 357 (2d Cir. 2005)). The plaintiff's filings make clear that almost all of the events giving rise to his claims occurred in Florida, not this District.

The plaintiff has not shown why venue is proper in this District. Accordingly, the complaint is dismissed without prejudice for improper venue. *See Cooney v. Barry Sch. of L.*, 994 F. Supp. 2d 268, 271 (E.D.N.Y. 2014) ("When venue is improper, it is within the Court's discretion to either dismiss the case or transfer it to a proper venue under 28 U.S.C. § 1406."). The Clerk of Court is respectfully directed to enter judgment and close the case.

---

[4] The plaintiff, who is not admitted to practice in the Eastern District, does not identify these clients or matters.

**SO ORDERED.**

                                                          s/Ann M. Donnelly
                                                        ANN M. DONNELLY
                                                        United States District Judge

Dated:  Brooklyn, New York
          December 3, 2025